UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marquis Yachts,

    Plaintiff,

v.

Allied Marine Group, Inc., et al.,

    Defendants.

Civil No. 09-1770 (JRT/FLN)

**REPORT AND RECOMMENDATION**

_____

Geoffrey P. Jarpe, William M. Lutz & Ryan T. Murphy for Plaintiff.
Richard Gurbst & Stephen C. Rathke for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 8, 2009, on Plaintiff's Motion for Summary Judgment [#4]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion for Summary Judgment [#4] be **GRANTED, in part,** and **DENIED, in part**.

### I. BACKGROUND

Marquis Yachts ("Plaintiff"), a division of Genmar Yacht Group LLC, manufactured luxury yachts. (Doc. No. 16, Ex. C, Demand for Arbitration ¶ 1 ("Doc. No. 16").) Defendants sold Marquis Yachts luxury boats pursuant to dealer agreements between the parties. (Doc. No. 16 ¶ 2-4.) A dispute arose between the parties relating to Defendants' purchase of several yachts from Plaintiff. (Doc. No. 16 ¶ 7-12.) Dealer agreements between Plaintiff and Defendants stated that disputes between the parties would be resolved through binding arbitration. (*See e.g.* Doc. No. 14, Ex. B-1, Dealer Agreement § 3.7 ("Doc. No. 14").)

On September 3, 2008, Defendants initiated an arbitration action for declaratory relief against Plaintiff (Doc. No. 13, Ex. A ("Doc. No. 13")) shortly before Plaintiff filed its contract claim with the American Arbitration Association on the same day (Doc. No. 16). The arbitration hearing at issue took place April 20-21, 2009 between Plaintiff and Defendants. (Interim Award, Doc. No. 27, at 2 ("Doc. No. 27").) An Interim Award in Plaintiff's favor was handed down by the panel April 29-30, 2009. (Doc. No. 27.)

On June 1, 2009, Genmar Yacht Group LLC and Genmar Holdings, Inc. filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Minnesota. (Pet. Nos. 09-43546 and 09-43537.)[1] Then, from June 23-25, 2009, the arbitration award was finalized, ordering specific performance: Defendants to pay Plaintiff the purchase price of $2,731,174 and accept delivery of the Marquis 720 Tri-Deck Yacht, hull no. A2004. (Doc. No. 1, Ex. A, Final Award 13-17 ("Final Award").) The aggregate sum owed to Plaintiff pursuant to the Final Award, with interest, costs and fees totals $ 2,987,170.53. (Doc. No. 1, Application for Confirmation of Arbitration Award.)

Plaintiff has applied for confirmation of the arbitration award; Defendants have opposed confirmation and have counterclaimed for vacatur of the arbitration award. Plaintiff now moves for summary judgment.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] In the bankruptcy proceeding (Pet. No. 09-43537), Genmar moved for an Order Interpreting Scope of Automatic Stay with Respect to Arbitration Award, then dismissed its motion before the October 8, 2009 hearing before this Court. Counsel acknowledged at the October 8 hearing that the parties agree that the matter of interpreting the scope of the automatic stay is within the jurisdiction of this Court and not the bankruptcy court.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

### III. DISCUSSION

3

**THE ARBITRATION AWARD IS VALID AND MUST BE CONFIRMED.**

**A.    The automatic stay in bankruptcy does not apply to the case at hand.**

The question before this Court of the applicability of the automatic stay is one of law and not one of fact. Defendants argue that the arbitration proceeding at issue in this case was subject to an automatic stay pursuant to 11 U.S.C. § 362(a)(1).

11 U.S.C. § 362(a)(1) provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). This section protects an estate in bankruptcy from actions *against* the debtor. The arbitration in this case, however, did not arise from a claim against the debtor's estate. Although Defendants contend that their initial request for declaratory relief against Plaintiff constituted an action "against the debtor," such a contention is without merit.

Defendants may have narrowly initiated the arbitration action for declaratory relief by filing a demand online (Doc. No. 13) shortly before Plaintiff filed its contract claim with the American Arbitration Association in person later on the same day (*see* Doc. No. 16). Defendants knew at the time of their filing, however, that Plaintiff intended to bring an action against them to recover the purchase prices of the yachts. (Doc. No. 13, Online Filing Demand for Arbitration/Mediation Form ("Marquis has indicated that it intends to bring an action against Claimants [Defendants] under the agreements for payment on yachts that were never ordered.")) Thus, Defendants were "Claimants"

4

in name alone. The only "affirmative relief ever at issue" in the arbitration was "Marquis' right to recover damages from Allied." (Final Award 18 ("Even if Allied had fully prevailed on the merits of its claim, it would not have received damages or other affirmative relief."))

Moreover, confirmation of the Final Arbitration Award and entry of judgment against Defendants will enhance the debtor's estate, not diminish it. Therefore, this Court independently concludes that the automatic stay in bankruptcy (11 USC § 362(a)(1)) did not apply to the arbitration proceedings at issue in the case at hand.[2]

### B. The arbitrators did not exceed their authority in contravention of the Federal Arbitration Act, 9 U.S.C. § 10(a)(4).

Defendants argue that the arbitrators exceeded their authority in this matter by disregarding language in the contract between the parties, thus rendering the Final Award contrary to public policy.

9 U.S.C. § 10(a)(4) provides that an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The district court, however, must afford "the arbitrator's decisions an extraordinary level of deference" and confirm the award "so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Crawford Group Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008). The Agreement providing for arbitration defines the scope of an arbitrator's authority. *Prime Therapeutics LLC v. Omnicare, Inc.* 555 F. Supp. 2d 993, 999 (D. Minn. 2008). To determine "whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all

---

[2]This issue was submitted to the arbitrators, who determined, in their Final Award, that the automatic stay did not apply. (Final Award 17-18.)

doubts being resolved in favor of the arbitrator's authority." *Id.* (*citing United Food & Commercial Workers, Local No. 88 v. Shop 'N Save Warehouse Foods, Inc.,* 113 F.3d 893, 895 (8th Cir.1997)).

Based on the broad language of § 3.7 of the Dealer Agreements (*see e.g.* Doc. No. 14) and resolving all doubts in favor of the arbitrators' authority in this case, the arbitrators neither abused their power nor exceeded their authority. *See Stark v. Sandberg, Phoenix & von Gontard*, 381 F.3d 793, 798 (8th Cir. 2004) ("[A]n award must be confirmed even if a court is convinced the arbitrator committed a serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority."); *New Access Communications, L.L.C. v. Qwest Corp.,* 368 F.Supp.2d 952, 957 (D. Minn. 2005) ("[T]he court is not permitted to reconsider the merits of the award simply because the court might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts.")

The arbitrators' interpretation of the contract and Dealer Agreements between the parties did not constitute an abuse of power, and the arbitrators did not exceed their authority in rendering their Final Award. Thus, "a mutual, final, and definite award upon the subject matter submitted" was made, and vacatur of the award is inappropriate.

No genuine issues of material fact exist in this case sufficient to defeat Plaintiff's motion for summary judgment. Defendants have failed to set forth specific facts showing that there is a genuine issue for trial. Therefore, the final arbitration award should be confirmed and judgment entered against Defendants in this matter.

### C. Prejudgment interest is appropriate in this case.

Because this Court finds evidence of no conduct which would render the assessment of post-award prejudgment interest inequitable, Plaintiff should be awarded prejudgment interest in this

case. Defendants have had use of the money owed to Plaintiff since the Final Award was issued on June 25, 2009 and have thereby been unjustly enriched at Plaintiff's expense. *See Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986).

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment [#4] be **GRANTED, in part,** and **DENIED, in part,** as follows:

1. The Final Arbitration Award should be confirmed and judgment entered for Plaintiff in the amount of $ 2,987,170.53.

2. Post-award interest should be awarded to Plaintiff from June 25, 2009 to the date judgment is entered at an annual prejudgment interest rate of four (4) percent.

3. Defendants should be ordered to accept delivery of the Marquis 720 Tri-Deck Yacht, hull no. A2004 from Plaintiff.

4. Plaintiff's request for post-award attorneys' fees should be **DENIED.**


DATED: December 7, 2009　　　　　　　　　　s/ *Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.